56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donald R. LEWIS, Petitioner-Appellant,
v.
Eddie YLST, Warden, Respondent-Appellee.
 No. 94-16802.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 18, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Ray Lewis, a California state prisoner sentenced under California's Indeterminate Sentencing Law (ISL), appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. He contends that the Board of Prison Terms violated the ex post facto clause by applying Determinate Sentencing Law (DSL) guidelines in determining his suitability for parole. He also contends that the application of the DSL guidelines violated his right to substantive due process. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm. "[T]he application of the DSL parole-suitability guidelines to prisoners sentenced under the ISL does not disadvantage them, and therefore does not violate the federal constitutional prohibition against ex post facto laws." Connor v. Estelle, 981 F.2d 1032, 1034 (9th Cir. 1992). Because the ISL and DSL guidelines apply identical criteria in determining parole suitability, the application of the DSL guidelines did not impair Lewis's right to due process. Id. at 1034-35. Accordingly, the district court's denial of Lewis's habeas petition is
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3